Filed 7/10/25  P. v. Gonzalez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANGEL ALFREDO VELASQUEZ GONZALEZ,<br><br>　　　Defendant and Appellant. | B339780<br><br>(Los Angeles County Super. Ct. No. BA504553) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Sentence vacated and remanded with directions.

　　　Law Offices of Andy Miri and Andy Miri for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Seth P. McCutcheon and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1.)

A jury found Angel Alfredo Velasquez Gonzalez (Velasquez)[1] guilty of five counts of sexual intercourse or sodomy with a child under 10 by a person 18 or older (Pen. Code,[2] § 288.7, subd. (a)), four counts against one victim (D.V.), and one count against another (S.P.). The punishment for a violation of section 288.7, subdivision (a), is 25 years to life in state prison.

The district attorney filed a sentencing memorandum, urging the trial court to impose a sentence of 125 years to life: a consecutive term of 25 years to life for each of the five counts under section 288.7, subdivision (a). In support of the request for consecutive terms, the district attorney cited section 667.6, subdivision (d)(1), which provides: "A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions." The district attorney asserted that the trial court was "bound by law to impose full, separate, and consecutive sentences for all counts" because "[c]ounts 1 through 4 involve conduct against the same victim on separate occasions" and "[c]ount 5 involves the same conduct [against] a separate victim," within the meaning of section 667.6, subdivision (d)(1).

In his sentencing memorandum, Velasquez asked the court to sentence him to 25 years to life on count 1 and run the terms

---

[1] We will refer to appellant as "Velasquez," the surname he requested the trial court use in referring to him.

[2] Undesignated statutory references are to the Penal Code.

on the other four counts concurrently.  He argued a sentence of 125 years to life would constitute cruel and unusual punishment.

At the sentencing hearing, Velasquez admitted four factors in aggravation under California Rules of Court, rule 4.421, that were alleged in the information.  In accord with the district attorney's recommendation in the sentencing memorandum, the trial court sentenced Velasquez to 125 years to life in state prison, stating that it imposed consecutive terms pursuant to section 667.6, subdivision (d).  Neither side presented argument at the hearing.

Velasquez appeals from the judgment, seeking resentencing with directions that the trial court impose a sentence not exceeding 50 years to life (i.e., 25 years to life for one of the four counts involving D.V., plus 25 years to life for the count involving S.P.).  He contends the trial court erred in imposing consecutive terms on all counts involving D.V.  In his appellate briefing, he did not dispute the trial court's conclusion that section 667.6, subdivision (d), applied to his crimes.  Rather, he argued: (1) section 667.6, subdivision (d)(2), required the court to "consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon the defendant's actions and nevertheless resumed sexually assaultive behavior," and the court did not expressly state that it did so; (2) a court should not be permitted to sentence a 21-year-old (Velasquez's age at sentencing) to a "virtual life without parole" sentence;[3] and (3) the sentence is unconstitutional because it constitutes cruel and unusual

---

[3] Velasquez stipulated at trial that he was between 18 and 20 years old when the crimes were alleged to have occurred.

punishment.  In the respondent's brief, the Attorney General argued the trial court properly imposed consecutive terms under section 667.6, subdivision (d), and the sentence did not constitute cruel and unusual punishment.

Pursuant to Government Code section 68081, we requested the parties file supplemental briefing, addressing the following issues:  "Does Penal Code section 667.6 apply to a violation of Penal Code section 288.7?  If the answer is no, is remand for resentencing required in this case for the trial court to exercise its discretion as to whether to impose concurrent or consecutive terms?"  We asked these questions because section 667.6 expressly states that it applies to "an offense specified in subdivision (e)," and Velasquez's offense—a violation of section 288.7—is not included in subdivision (e) of section 667.6. (§ 667.6, subds. (a)-(d)(1) & (e).)

The Attorney General filed supplemental briefing; Velasquez did not.  The Attorney General conceded in the letter brief that the matter must be remanded for resentencing because "section 667.6, subdivision (d)'s mandatory consecutive sentencing provision is inapplicable" to a violation of section 288.7, and "the trial court had discretion whether to impose concurrent or consecutive terms."

We agree with the Attorney General's current position. The trial court indicated at the sentencing hearing that consecutive terms on all five counts were mandatory under section 667.6, subdivision (d), and it stated on the record that it sentenced Velasquez in accordance with this statutory provision. Because section 667.6 is inapplicable here by its express terms, and no other statute mandates imposition of five consecutive terms for the offenses at issue here, resentencing is required so

4

the court may exercise its discretion as to whether to impose concurrent or consecutive terms.  Based on our resolution of the appeal in this manner, we need not address the contentions Velasquez raised in his appellate briefing in support of his request for a resentencing hearing.

### DISPOSITION

The sentence is vacated and the matter is remanded for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.